#### UNITED STATES DISTRICT COURT
#### WESTERN DISTRICT OF LOUISIANA
#### SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 25-00149 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ADRIAN MAYHORN | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is Defendant Adrian Mayhorn's ("Mayhorn") Motion to Dismiss the Indictment. See Record Document 17. Mayhorn moved to dismiss the one-count indictment, under which he is charged with felon in possession of a firearm and ammunition under 18 U.S.C. § 922(g)(1). See id. The United States of America ("the Government") opposed. See Record Document 21. Mayhorn replied. See Record Document 22. For the reasons stated below, Mayhorn's Motion (Record Document 17) is **DENIED**.

### BACKGROUND

At the time of the instant offense, Mayhorn had been previously convicted of the felony offense of Simple Burglary. See Record Document 21 at 2. On April 3, 2023, Mayhorn pled guilty and was sentenced to twelve years at hard labor with eight years suspended. See id. He was placed on supervised probation for a period of three years. See id.

On June 4, 2025, Holloway was charged in the Western District of Louisiana with Felon in Possession of a Firearm in violation of § 922(g)(1). See Record Document 1. On June 30, 2025, he filed the instant Motion. See Record Document 17. Mayhorn pled guilty

to the one-count Indictment on August 27, 2025.  See Record Documents 25, 27.  He is set to be sentenced on December 4, 2025.  See Record Document 25.

## LAW AND ANALYSIS

**I.    Law.**

The Second Amendment to the United States Constitution provides that "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend. II. However, it is well-established that, ""[l]ike most rights, the right secured by the Second Amendment is not unlimited." D.C. v. Heller, 554 U.S. 570, 626, 128 S. Ct. 2783, 2817 (2008). Thus, under the Supreme Court's most recent guidance in Bruen, courts must engage in a two-step inquiry to determine whether a regulation placing restrictions on a party's Second Amendment rights is constitutional. Bruen, 597 U.S. 1, 24, 142 S. Ct. 2111, 2129–30 (2022). First, a court must ask whether "the Second Amendment's plain text covers an individual's conduct." Id. If the Second Amendment does cover the individual's conduct, the court then must ask whether the government has satisfied its burden of showing "the regulation is consistent with this Nation's historical tradition of firearm regulation." Id. Only where the regulation is "consistent with the Second Amendment's text and historical understanding" can it pass constitutional muster. Id. at 26, 2131.

Recently, in U.S. v. Diaz, the Fifth Circuit analyzed an as-applied constitutional challenge to § 922(g)(1)[1] under Bruen. 116 F. 4th 458 (5th Cir. 2024). The Court held that

---

[1] Section 922(g)(1) states:

    (g)    It shall be unlawful for any person—

          (1)    who has been convicted in any court of, a crime punishable

a charge serving as a predicate for a defendant's § 922(g)(1) charge must rely on previous history. Id. at 467. A felon is among "the people" protected by the Second Amendment. Id. at 466. "The plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)." Id. at 467. To satisfy its burden under Bruen, "the government must 'identify a well-established and representative historical analogue, not a historical twin.'" Id. Furthermore, the "[e]vidence must be 'relevantly similar' to the challenged law." Id. When a court assesses similarly, it should "consider 'whether modern and historical regulations impose a comparable burden on the right of armed self-defense and whether that burden is comparably justified.'" Id.

## II.     Summary of the Arguments.

Mayhorn submitted that Count One of the Indictment is unconstitutional as applied to him because it infringes on his Second Amendment right. The defense contended that the Indictment must be dismissed unless the Government can meet its burden of demonstrating that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to Mayhorn. See Record Document 17 at 1 (citing Diaz, 116 F.4th 458).

In opposition, the Government argued first that within the parameters of Diaz, Mayhorn's prior felony conviction for a theft related offense defeats any as-applied challenge. See Record Document 21 at 2. The Government noted that Mayhorn has not

---

by imprisonment for a term exceeding one year, to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

3

yet completed his felony parole sentence which prohibited him from possessing a firearm as a condition of parole supervision at the time he committed the instant Section 922(g)(1) offense. See id. at 3. His current felony sentence will not expire until March 1, 2026. See id. Even if the issue of probation status is set aside, the Government submitted that Mayhorn's conviction for a theft-related crime permits the dispossession of firearms. See id. at 4.

In his reply, Mayhorn seemed to argue that the Government cannot meet its burden of demonstrating that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to Mayhorn because Louisiana Simple Burglary is not analogous to common law burglary. See Record Document 22 at 1-2. The defense contended that "the level of danger and atrocity involved in common law burglary is not met in Louisiana's definition of Simple Burglary." Id. at 2-3. Yet, ultimately, Mayhorn conceded the argument:

> Mr. Mayhorn recognizes that his argument is foreclosed by precedent. The Fifth Circuit recently ruled, in United States v. Schnur, 132 F. 4th 863 (5th Cir. 2025), that burglary is a theft-related crime and therefore disarming a defendant "fits within our Nation's tradition" of disarmament. Id. at 870-71.

Id. at 3. Likewise, Mayhorn conceded that any argument against "temporarily disarming him due to his probationary status at the time of his arrest in the instant offense is foreclosed by United States v. Giglio, 126 F. 4th 1039 (5th Cir. 2025)." Id. In Giglio, the Fifth Circuit held that "the government may disarm those who continue to serve sentences for felony convictions." Giglio, 126 F. 4th at 1044. The Giglio court specifically extended this reasoning to supervised release. See id. at 1046.

### III.  Analysis.

The first step of the <u>Bruen</u> analysis is satisfied here. The Fifth Circuit has held that "[t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1);" thus, Mayhorn's conduct prohibited by § 922(g)(1) is covered by the Second Amendment. <u>Diaz</u>, 116 F. 4th at 467. <u>See</u> <u>U.S. v. William Robinson</u>, No. 22-253, 2024 WL 4827375, at *6 (E.D. La. Nov. 19, 2024). Since the first step is satisfied, the Government has the burden to demonstrate that regulating Mayhorn's possession of a firearm is consistent with the Nation's historical tradition of firearm regulation. <u>See id.</u>

In <u>Diaz</u>, the Fifth Circuit conducted an analysis of "<u>Bruen's</u> historical inquiry into our Nation's tradition of regulating possession by felons in particular." 116 F. 4th at 466. The Court only analyzed <u>Diaz's</u> pertinent criminal history, which consisted of vehicle theft, evading arrest, and possessing a firearm as a felon. <u>Id.</u> In the instant case, Holloway's pertinent criminal history consists of a prior felony conviction for Simple Burglary.  Under step two of <u>Bruen</u>, the Government "must demonstrate that the Nation has a longstanding tradition of disarming someone with a criminal history analogous to this." <u>Diaz</u>, 116 F. 4th at 467.

The Fifth Circuit has held that there is "a history and tradition of punishing felons quite harshly, including taking away their weapons while they complete their sentence…." <u>U.S. v. Contreras</u>, 125 F. 4th, 732–33 (5th Cir. 2025). The Fifth Circuit referenced a case wherein the Sixth Circuit held that "'[l]imitations on the constitutional right to bear arms while on probation are supported by our nation's historical tradition of firearm forfeiture laws, which temporarily disarmed persons while they complete their sentences.'" <u>Id.</u> at 732 (quoting <u>U.S. v. Goins</u>, 118 F. 4th 794, 805 (6th Cir. 2024)). Furthermore, in <u>Giglio</u>,

5

the Fifth Circuit upheld that "it was constitutional for the government to regulate [the defendant's] possession of firearms [while he was on supervised release]." 126 F. 4th at 1046.

In the instant case, Mayhorn was serving a three-year term of supervised probation when he committed the instant offense. See Record Document 21 at 2. Since he had not completed his sentence for his prior felony conviction, it is not unconstitutional for the Government to regulate his possession of firearms and ammunition while he is on probation. For this reason, Mayhorn's as applied challenge fails.

Even if Mayhorn was not on supervised probation, his as applied challenge still fails. The question presented before this Court is whether Mayhorn's previous Simple Burglary conviction justifies permanent disarmament under § 922(g)(1). In U.S. v. Schnur, the Fifth Circuit recognized that convictions for robbery and burglary are theft-related crimes and support the constitutionality of Section 922(g)(1) because founding-era laws punished theft as a felony leading to disarmament. 132 F. 4th 863, 870-71. Thus, the Government has met its burden to demonstrate the Nation has a longstanding tradition of disarming someone with a criminal history analogous to that of Mayhorn.

## CONCLUSION

For the reasons stated above, the application of Section 922(g)(1)'s prohibition to Mayhorn is consistent with this Nation's historical tradition of firearm regulation. Accordingly,

**IT IS ORDERED** that Mayhorn's Motion to Dismiss the Indictment (Record Document 17) is **DENIED**.

An Order consistent with this Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 22nd day of October, 2025.

_____
UNITED STATES DISTRICT COURT JUDGE